# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ALANTIZ B. WATLEY<br>EX REL. A.E.R.V.W.,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,<br>COMMISSIONER,<br>SOCIAL SECURITY ADMINISTRATION,<br><br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br><br>No. 20-1019-KHV |

## MEMORANDUM AND ORDER

Plaintiff Alantiz Watley appeals the decision of the Social Security Administration Commissioner to deny disability benefits for plaintiff's disabled child, A.E.R.V.W. Complaint To Review Decision Of Commissioner Of Social Security (Doc. #1) filed January 23, 2020. This matter comes before the Court on plaintiff's Motion To Proceed In Forma Pauperis (Doc. #4) filed January 23, 2020. For reasons stated below, the Court sustains plaintiff's motion.

### Legal Standard

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees by a person who lacks financial means. 28 U.S.C. § 1915(a). To proceed in forma pauperis, plaintiff must demonstrate "a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding in forma pauperis in a civil case "is a privilege, not a right – fundamental or otherwise." White v. Colorado, 157 F.3d 1226, 1233 (10th Cir. 1998).

The decision to grant or deny in forma pauperis status lies within the sound discretion of the Court.  Cabrera v. Horgas, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999). Courts recognize a liberal policy toward permitting proceedings in forma pauperis when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  Flanery v. Berryhill, No. 19-1062-KHV-KGG, 2019 WL 2073871, at *1 (D. Kan. May 10, 2019).  When considering plaintiff's application, the Court must neither act arbitrarily nor deny the application on erroneous grounds.  Parker v. Bd. of Pub. Utilities of Kansas City, Kansas, No. 08-1038-MLB, 2008 WL 11383299, at *1 (D. Kan. Feb. 11, 2008).

## Analysis

### I. Whether Plaintiff's Action Is Valid

When a party seeks to proceed in forma pauperis, 28 U.S.C. § 1915(e)(2) requires the Court to conduct an initial review of the party's complaint.  The Court must dismiss the case if it determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from suit.  Id.  The purpose of Section 1915(e) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."  Trujillo v. Williams, 465 F.3d 1210, 1216 (10th Cir. 2006) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  A valid complaint must provide a "short and plain statement of the claim" showing that plaintiff is entitled to relief.  Fed. R. Civ. P. 8(a)(2). Additionally, the complaint must state more than "labels and conclusions," and "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Protheroe v.

Masarik, No. 18-2128-JAR-TJJ, 2018 WL 3213322, at *2 (D. Kan. Apr. 12, 2018) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

The complaint indicates that on June 28, 2019, the Commissioner determined that A.E.R.V.W. is "not disabled" and denied plaintiff's application for social security disability benefits for A.E.R.V.W. Complaint (Doc. #1) at 1. Plaintiff alleges that because A.E.R.V.W. is disabled under the Social Security Act, the Commissioner's decision was contrary to law and unsupported by substantial evidence. Id. Plaintiff appeals the Commissioner's decision pursuant to 42 U.S.C. § 405(g) and requests that the Court award disability benefits or remand the case for a further hearing. Id. at 1-2.

Any individual has the right to appeal the Commissioner's final decision about social security benefits by bringing a timely action in federal district court. 42 U.S.C. § 405(g). Although the complaint lacks sufficient detail to analyze whether plaintiff's factual allegations are merely speculative, the burden of providing such detailed information is on the Commissioner, not plaintiff. See 42 U.S.C. § 405(g) ("As part of the Commissioner's answer [to plaintiff's action] the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based."). Upon review of these pleadings and transcripts, the Court "shall have the power" to affirm, modify or reverse the Commissioner's decision. Id. To date, the Commissioner has not filed an answer to plaintiff's complaint or a reply to this motion. The record contains no information which suggests that plaintiff's complaint is frivolous or malicious. Furthermore, plaintiff's complaint accurately states a claim and the appropriate request for relief. Plaintiff has the right to seek judicial review of the Commissioner's decision, so plaintiff's complaint is sufficient to support his motion to proceed in forma pauperis.

**II.     Whether Plaintiff Has Shown Financial Inability To Pay**

To succeed on a motion to proceed in forma pauperis, plaintiff must demonstrate a financial inability to pay the required court fees. See DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991). To show inability to pay, plaintiff must submit an affidavit of financial status with the application to proceed in forma pauperis. See 28 U.S.C. § 1915(a). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. See Patillo v. N. Am. Van Lines, Inc., No. 02-2162, 2002 WL 1162684, at *1 (D. Kan. Apr. 15, 2002); Webb v. Cessna Aircraft, No. 00-2229, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000) (denying motion because plaintiff "is employed, with monthly income exceeding her monthly expenses by approximately $600"). Courts may also consider plaintiff's assets in determining inability to pay. See Jackson v. U.S. Dep't of Army, No. 14-4034, 2014 WL 2761142, at *2 (D. Kan. June 18, 2014).

Plaintiff submitted a financial affidavit summarizing his income, assets, family size and other relevant information. Affidavit In Support Of Motion To File Without Pre-Payment Of Fees And Costs, attached to Motion To Proceed In Forma Pauperis (Doc. #4). Plaintiff works as a home health aide with an average gross monthly income of $475. Id. at 1. Plaintiff's spouse is currently unemployed. Id. Plaintiff owns a car worth approximately $4,500 and indicates that although the amount varies with monthly bills, he and his spouse have $44 in cash. Id. at 2. Plaintiff supports three minor children who are disabled like A.E.R.V.W. Id. at 1-2. Because his children's disabilities require additional parental supervision and care, plaintiff is unable to work additional hours. Id. at 2. Plaintiff receives monthly social security income of $1,542 for two of his children. Id. at 1. Half of this amount, $771, goes directly to a representative payee to pay rent. Id. Plaintiff also receives food stamps totaling $177 per month. Id. Although the family has Medicaid

insurance, plaintiff must pay for some non-covered prescriptions and other health supplies.  Id. at 2.  Plaintiff indicates that at times he cannot afford to pay for prescriptions that are not covered by insurance.  Id.  Furthermore, plaintiff is on a payment plan for the electric bill and struggles to pay monthly utilities.  Id.  If the Court denies his motion, the $400 filing fee will cause a financial strain because plaintiff will have to use money budgeted for paying bills and living expenses.  Id.

Considering the information contained in his financial affidavit, the Court finds that plaintiff has established his inability to pay court fees and costs.  Absent the ability to proceed in forma pauperis, plaintiff's access to the Court will be significantly limited and cause financial strain at the expense of his family.  Furthermore, the Court notes that plaintiff's purpose in commencing this action is to obtain social security benefits to help support his minor disabled child.  For these reasons, and in light of the liberal policy in favor of making the Court accessible to all, the Court sustains plaintiff's motion.

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Proceed In Forma Pauperis (Doc. #4) filed January 23, 2020 is **SUSTAINED**.

**IT IS SO ORDERED.**

Dated this 7th day of April, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge