**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **ALANTIZ B. WATLEY o/b/o** | ) | |
| **A.E.R.V.W.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| | ) | |
| **v.** | ) | **No. 20-1019-KHV** |
| | ) | |
| **ANDREW M. SAUL,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

On behalf of her minor son, A.E.R.V.W., plaintiff appeals the final decision of the Commissioner of Social Security to deny supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 401 et seq.  For reasons set forth below, the Court reverses defendant's decision and remands for further proceedings.

### Procedural Background

On March 6, 2018, plaintiff filed with the Social Security Administration an application for supplemental security income benefits on behalf of claimant, a child under the age of 18. Plaintiff alleged disability beginning December 29, 2008.  Defendant denied plaintiff's benefit application initially and on reconsideration.  On April 30, 2019, an administrative law judge ("ALJ") conducted a hearing, where plaintiff appeared and testified.  On June 28, 2019, the ALJ concluded that plaintiff was not under a disability as defined in the Social Security Act, and that he was not entitled to benefits.  In particular, the ALJ concluded as follows:

1. The child was born in 2008 and was in the school-age children (age 6 to attainment of age 12) age category when the application was filed in March 2018. He remained in the same category through the date of the decision (20 C.F.R. § 416.926a(g)(2)).

2.  The child had not engaged in substantial gainful activity since March 6, 2018, the application date (20 C.F.R. §§ 416.924(b), 416.971 et seq.).

3.  The child had the following severe impairments: encopresis, Hirschsprung's disease, attention deficit hyperactivity disorder (ADHD), oppositional defiant disorder and generalized anxiety disorder.  Asthma was found to be a non-severe impairment (20 C.F.R. § 416.924(c)).

4.  The child did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.924, 416.925, 416.926).

5.  The child did not have an impairment or combination of impairments that functionally equaled the severity of the listings (20 C.F.R. §§ 416.924(d), 416.926a).  Specifically, the child had no limitations in the "acquiring and using information" and "moving about and manipulating objects" domains; less than marked limitations in the "attending and completing tasks," "interacting and relating with others" and "caring for yourself" domains; and a marked limitation in the "health and physical well-being" domain.

Certification Of Transcript Of Proceedings Before The Social Security Administration (Doc. #11) filed June 4, 2020 ("Tr.") 17–27.

On November 22, 2019, the Appeals Council denied plaintiff's request for review.  Plaintiff appealed to this Court the final decision of the Commissioner.  The decision of the ALJ stands as the final decision of the Commissioner.

## **Standard Of Review**

The ALJ decision is binding on the Court if supported by substantial evidence.  See 42 U.S.C. §§ 405(g); Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019).  The Court must determine whether the record contains substantial evidence to support the decision and whether the ALJ applied the proper legal standards.  Castellano v. Sec'y of HHS, 26 F.3d 1027, 1028 (10th Cir. 1994).  While "more than a mere scintilla," substantial evidence is only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Biestek, 139 S. Ct. at

1154 (citation omitted).  The Court may neither reweigh the evidence nor substitute its judgment for that of the ALJ.  Hendron v. Colvin, 767 F.3d 951, 954 (10th Cir. 2014).

### Analysis

Plaintiff bears the burden of proving disability under the Social Security Act.  See Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  To qualify for supplemental security income under the Act as an individual under the age of 18, a child must have a medically determinable impairment that meets, medically equals or functionally equals a per se disabling impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1, Part B.  To determine whether a child is disabled, the Commissioner applies a three-step sequential evaluation.  The ALJ must determine, in this order, that (1) the child is not engaged in substantial gainful activity, (2) the child has an impairment or combination of impairments that is severe and (3) the child's impairment meets or equals an impairment listed in Appendix 1, Subpart P of 20 C.F.R. Part 404.  See 20 C.F.R. § 416.924(a); Porter ex rel. BTP v. Astrue, No. 11-2077-KHV, 2012 WL 1190785, at *2 (D. Kan. Apr. 9, 2012).  The ALJ must explain why the child does not meet a listed impairment, and "an ALJ's findings at other steps of the sequential evaluation process may provide a proper basis for upholding a step three conclusion that a claimant's impairments do not meet or equal any listed impairment."  Fischer-Ross v. Barnhart, 431 F.3d 729, 733 (10th Cir. 2005).

In making the third determination, a child is disabled if the Commissioner finds that his impairment meets, medically equals or functionally equals a per se disabling impairment included in the Listing of Impairments.  See 20 C.F.R. § 416.924(a); Sullivan v. Zebley, 493 U.S. 521, 531–32 (1990).  To show that a child's condition meets a listing, plaintiff must establish all the specified medical criteria for a listed impairment set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1,

Part B.  20 C.F.R. § 416.925.  Similarly, to medically equal a listing, a condition must be at least

equal in severity and duration to the criteria of a listed impairment.  20 C.F.R. § 416.926(a).

Functional equivalence, on the other hand, is not tied to a particular listing, but rather is

determined by evaluating the "whole child," every day and in all settings compared to unimpaired

children of the same age, in six broad domains:[1] (i) acquiring and using information; (ii) attending

and completing tasks; (iii) interacting and relating with others; (iv) moving about and manipulating

objects; (v) caring for himself; and (vi) health and physical well-being.   20 C.F.R.

§§ 416.926a(b)(3), 416.926a(b)(1).  If the ALJ finds "marked" limitations[2] in two domains or an

"extreme" limitation[3] in one domain, the child's impairment functionally equals the listed

impairment.  20 C.F.R. § 416.926a(d).

Here, the ALJ addressed six listed impairments: Listings 105.06 (inflammatory bowel

disease), 105.07 (short bowel syndrome), 105.08 (growth failure due to any digestive order),

112.11 (neurodevelopmental disorders), 112.08 (personality and impulse control disorders) and

112.06 (anxiety disorder).  The Court will consider the listed impairments in turn.

I.      **Listings 105.06, 105.07 And 105.08 (Digestive System - Childhood)**

Encopresis and Hirschsprung's disease are not listed impairments.  The ALJ borrowed

from Listing 105.06 (inflammatory bowel disease), Listing 105.07 (short bowel syndrome) and

Listing 105.08 (growth failure due to any digestive order).  Tr. 17.

---

[1]     "Domains" are "broad areas of functioning intended to capture all of what a child can or cannot do."  20 C.F.R. § 416.926a(b)(1).

[2]     A child has a "marked limitation" in a domain when his impairment(s) "interferes seriously" with the ability to independently initiate, sustain or complete activities.  20 C.F.R. § 416.926a(e)(2).

[3]     A child has an "extreme limitation" in a domain when his impairment(s) interferes "very seriously" with his ability to independently initiate, sustain or complete activities. 20 C.F.R. § 416.926a(e)(3).

The ALJ concluded that plaintiff's symptoms related to encopresis and Hirschsprung's disease do not rise to the level described in these listings.  Id.  Plaintiff does not challenge this finding, see generally Plaintiff's Brief In Support Of Complaint (Doc. #12), and the record provides substantial evidence to support the ALJ conclusion.  As recently as February of 2019, plaintiff's pediatric gastroenterologist performed an "extensive evaluation," including an endoscopy, labs and motility testing.  Tr. 456–57.  Upon reviewing the results, the doctor determined that all was "normal" and that plaintiff was "growing well."  Id.

Accordingly, substantial evidence on the record as a whole supports the Commissioner's decision that plaintiff did not meet Listings 105.06, 105.07 and 105.08.

## II.   Listings 112.11 And 112.08 (Mental Disorders - Childhood)

The ALJ addressed Listing 112.11 for neurodevelopmental disorders and Listing 112.08 for personality and impulse control disorders.  Tr. 18.  For each listing, plaintiff must satisfy the requirements of both paragraphs A and B.  20 C.F.R. pt. 404, subpt. P, app. 1, §§ 112.11, 112.08.  Paragraph B is satisfied when plaintiff has an "extreme" limitation in one or "marked" limitations in two of the following four areas of mental functioning: (1) understanding, remembering or applying information, (2) interacting with others, (3) concentrating, persisting or maintaining pace and (4) adapting and managing oneself.  Id.  Plaintiff's impairment also could functionally equal Listings 112.11 and 112.08 if plaintiff has "marked" limitations in two or an "extreme" limitation in one of the aforementioned six functional equivalence domains.  20 C.F.R. § 416.926a(d).

Plaintiff claims that the ALJ erred in (1) failing to engage in a meaningful analysis of the paragraph A requirements and (2) including his discussion of the paragraph B requirements—the four areas of mental functioning—in his subsequent analysis of the six functional equivalence domains.  Plaintiff's Brief In Support Of Complaint (Doc. #12) at 11–17.  Plaintiff also argues that

he has at least a marked impairment in three of the six functional equivalence domains: attending and completing tasks, interacting and relating with others and the ability to care for himself.  Id. at 20–25.[4]

As to paragraph A, the ALJ concluded for Listing 112.11 that plaintiff "may meet" the requirements of paragraph A based on the presence of "frequent distractibility, difficulty sustaining attention, and difficulty organizing tasks," in conjunction with academic problems and recurrent motor movement or vocalization.  Tr. 18.  For Listing 112.08, the ALJ concluded that it was "not clear from the record" whether plaintiff met the requirements of paragraph A; he did not provide further elaboration.  Id.  The ALJ determined that he did not need to make specific findings as to paragraph A because plaintiff did not have the required marked or extreme limitations for the paragraph B requirements to meet or equal Listings 112.11 and 112.08.  Id.

As to paragraph B, the ALJ found that plaintiff did not have a marked or extreme limitation based on his discussion of the six functional equivalence domains.  See Tr. 18; 20 C.F.R. § 416.926a(b)(1)(i)–(vi).  The ALJ made it clear that he incorporated his discussion of paragraph B's four areas of mental functioning into his subsequent analysis of the six functional equivalence domains.  See Tr. 18; Fischer-Ross, 431 F.3d at 733.  For each area of mental functioning, substantial evidence supports the ALJ findings.  Evaluations from plaintiff's teacher

---

[4]     Plaintiff also argues that the ALJ erred "in failing to consider whether the child met or medically equaled [mental disorder] listing 112.07 for somatic symptoms and related disorders" in relation to plaintiff's encopresis, or repeated passing of stool into clothing past the age of toilet training.  Plaintiff's Brief In Support Of Complaint (Doc. #12) at 17–18.  Plaintiff did not cite this listed impairment during his application process and has no diagnosis for it.  Instead, on appeal, plaintiff contends that an evaluation note from his pediatric gastroenterologist could be interpreted as evidence that his encopresis has a somatic component.  Id.; Tr. 456–57.

The Court rejects plaintiff's argument.  The ALJ only considers impairments that are medically determinable, i.e., are established by objective medical evidence from an acceptable medical source.  20 C.F.R. § 416.921.  The doctor's note does not establish a diagnosis or the symptoms for Listing 112.07, and the ALJ cannot use plaintiff's "statement of symptoms, a diagnosis, or a medical opinion" to establish the existence of an impairment.  Id.

show that while plaintiff could struggle with attention, emotional regulation and distractibility, he did not have a learning disability, cognitive limitation or other intellectual limitation.  See Tr. 216–23.  Plaintiff has remained in a regular classroom at school, and his behavior has improved with medication and an informal behavioral plan.  Id.

The ALJ therefore did not err in his paragraph A and paragraph B analysis because he explicitly connected his paragraph B findings for Listings 112.11 and 112.08 with his six functional equivalence domains findings.  Id. at 18.  Furthermore, because substantial evidence supports the ALJ conclusion that plaintiff did not meet the paragraph B requirements, the ALJ did not err by declining to make specific findings on the paragraph A requirements.

As to the six functional equivalence domains, the ALJ determined that plaintiff only had a marked limitation in "health and physical well-being" and thus found that plaintiff was not disabled.  Id. at 22–27.  Plaintiff challenges the ALJ conclusion and argues that the ALJ relied on evidence that could be viewed differently to support at least a marked limitation in three domains. Plaintiff's Brief In Support Of Complaint (Doc. #12) at 20–25.

Because substantial evidence supports the ALJ conclusion that plaintiff only had a marked limitation in "health and physical well-being," this Court cannot reweigh the evidence or substitute its judgment for that of the ALJ.  Hendron, 767 F. 3d at 954.  First, the ALJ conclusion was consistent with the findings of plaintiff's teacher and the state agency physicians and psychologist. See, e.g., Tr. 21–22, 73–74, 86–87, 217–21.  Second, as previously noted, plaintiff's teacher determined that plaintiff did not have a learning deficit and that his behavioral issues were improving with redirection and medication.  Id. at 216–23.  Plaintiff's mother also stated that plaintiff had "overall improved," from his grades to his behavior.  Id. at 367.  Substantial evidence supports the ALJ conclusion concerning the six functional equivalence domains.

Accordingly, substantial evidence on the record as a whole supports the Commissioner's decision that plaintiff did not meet or medically equal Listings 112.11 and 112.08.

## III.    Listing 112.06 (Anxiety Disorder)

The ALJ also addressed Listing 112.06 for anxiety disorder.[5]  Tr. 17–18.  For Listing 112.06, plaintiff must satisfy the requirements of (1) paragraph A and (2) either paragraph B or C. 20 C.F.R. pt. 404, subpt. P, app. 1, § 112.06.

---

[5]      Listing 112.06 provides as follows:

112.06 Anxiety and obsessive-compulsive disorders (see 112.00B5), for children age 3 to attainment of age 18, satisfied by A and B, or A and C:

A. Medical documentation of the requirements of paragraph 1 . . . :

    1.  Anxiety disorder, characterized by one or more of the following:
        a.  Restlessness;
        b.  Easily fatigued;
        c.  Difficulty concentrating;
        d.  Irritability;
        e.  Muscle tension; or
        f.  Sleep disturbance. . . .

AND

B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (see 112.00F):

    1.  Understand, remember, or apply information (see 112.00E1).
    2.  Interact with others (see 112.00E2).
    3.  Concentrate, persist, or maintain pace (see 112.00E3).
    4.  Adapt or manage oneself (see 112.00E4).

OR

C. Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:

(continued . . .)

Plaintiff again claims that the ALJ erred because (1) he failed to engage in a meaningful analysis of the paragraph A requirements and (2) he included his discussion of the paragraph B requirements—the four areas of mental functioning—in his analysis of the six functional equivalence domains.  Plaintiff's Brief In Support Of Complaint (Doc. #12) at 11–17.

As to paragraph A, the ALJ concluded that plaintiff "may meet" the requirements of paragraph A, but did not provide further elaboration or evidence.  Tr. 18.  The ALJ found that he did not need to make a finding as to paragraph A because plaintiff did not have the required marked or extreme limitations for the paragraph B requirements and therefore did not meet or equal the listed impairment for anxiety disorder.  Id.

As to paragraph B, the ALJ found that based on his discussion of the six functional equivalence domains, plaintiff's impairments did not meet or equal Listing 112.06.  See Tr. 18; 20 C.F.R. § 416.926a(b)(1)(i)–(vi).  As stated previously, the ALJ made it clear that he included his discussion of paragraph B's four areas of mental functioning in his subsequent analysis of the six functional equivalence domains.  See Tr. 18; Fischer-Ross, 431 F.3d at 733.  The ALJ therefore did not err in addressing paragraph B.

While the ALJ addressed paragraph B, he did not address whether plaintiff could satisfy Listing 112.06 by satisfying paragraphs A and C.  This was error.  Because the ALJ found that

---

[5](. . . continued)

1.  Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder (see 112.00G2b); and
2.  Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life (see 112.00G2c).

20 C.F.R. pt. 404, subpt. P, app. 1, § 112.06.

plaintiff "may" satisfy the paragraph A requirements, he was required to explain whether plaintiff satisfied the paragraph C requirements.  The ALJ did not mention paragraph C, and he did not claim that his findings at other steps of the sequential evaluation process provided support for the conclusion that plaintiff did not satisfy paragraph C.  See Tr. 18–27.  This Court cannot determine what evidence the ALJ considered in regard to paragraph C, how he analyzed the evidence or whether he even considered paragraph C.  Further, without suggesting how the ALJ should resolve the issue on remand, a cursory review of the record suggests that plaintiff may satisfy paragraph C.  Accordingly, this error was not harmless.

Because the ALJ only addressed the paragraph B requirements of Listing 112.06, the Court must remand to the Commissioner to determine whether plaintiff has an impairment or combination of impairments that meets or equals the severity of Listing 112.06 under the alternative requirements of that listing.

**IT IS THEREFORE ORDERED** that the Judgment of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

Dated this 16th day of December, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge